County Court, Ulster County, January, 1903. Reported. 39 Misc. 698.

Matter of the Petition of FRED L. RYON, for an Order Revoking and Cancelling Liquor Tax Certificate No. 30,326, issued to JOHN P. AUCHMOODY.

Liquor tax Law—Bedrooms of a hotel too small—Dwelling erected to defeat the granting of a certificate.

A liquor tax certificate, for a hotel, must be revoked where it appears that at the time when the holder applied for the certificate some of the bedrooms of his hotel did not comply with the requirements of the Liquor Tax Law in regard to floor area and cubic feet of space and were of less area and space than required by the statute.

A small house, erected with intent to defeat the granting of a liquor tax certificate, but rented and occupied by a man and his wife as a home, is a building "occupied exclusively for a dwelling" within the meaning of the statute, and, where the house is within two hundred feet of the hotel, the licensee's statement, in his application, that there is no dwelling within two hundred feet of the hotel is material and is false.

APPLICATION for an order revoking and cancelling a liquor tax certificate.

George Davis (Chas. F. Cantine, of counsel), for petitioner.

Brinnier & Searing, for John P. Auchmoody.

VAN ETTEN, J. This is an application for the revocation of liquor tax certificate, issued to John P. Auchmoody, because of alleged false statements in the application for such certificate. Application was made for a license known as a hotel license,

and in such case the Liquor Tax Law provides that a building, used as a hotel and located as is the one in question, shall contain at least six bedrooms, each of which shall have at *least* eighty square feet of floor area and shall have at *least* 600 cubic feet of space therein. The bedrooms in the hotel of Auchmoody did not answer the requirements of the Liquor Tax Law, and contained a less number of cubic feet than the law required.

The floor area of some of the bedrooms was only about fifty-four square feet and they contained only about 384 cubic feet of space therein.

Where the Legislature has required that a hotel shall have rooms containing at least eighty square feet of floor area, the court has no power to say that a room, containing seventy, sixty, or fifty-four square feet, or less, will answer the requirements of the statute.

I think the provision of the statute mandatory. If it had appeared in the application that the rooms in question were not of the sizes required by law, a certificate would undoubtedly have been refused. Where it appears, after a license has been granted, that the law has not been complied with, the certificate should be revoked.

It was held in *Matter of Barnard,* 48 App. Div. 424, that the court must decide the matter as of the time when the application was made, and, if a false statement was made in the application, it is then the duty of the court to revoke the license.

Immediately prior to the granting of this license a small house was erected, which, since May 4, 1902, has been used and occupied as a dwelling and home by Abram Hornbeck and wife, and they have paid rent for it. Although it appears that the building was erected with the avowed purpose and intent of defeating the granting of the liquor certificate in question, yet, where the dwelling is actually used as a dwelling and home by a man and wife, it comes within the provisions of the Liquor Tax Law. This building is located within two hundred feet of the building used and occupied by Auchmoody as a hotel, and the application for the certificate contained false statements as to there being no dwelling within two hundred feet.

For these reasons the application of the petitioner is granted, with $25 costs.

Application granted, with $25 costs.